UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CHARIES A. PASCOE, an individual,

    Plaintiff,

vs.

COMMERCIAL RECOVERY SYSTEMS,
INC., a Texas corporation,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

    Plaintiff, Charies A. Pascoe, an individual, sues Defendant, Commercial Recovery Systems, Inc., a Texas corporation, and alleges:

*INTRODUCTION*

    1.    This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), 47 U.S.C. §227, known more commonly as the "Telephone Consumer Protection Act" ("TCPA"), and Florida Statutes §559.551, *et seq.*, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

*JURISDICTION*

    2.    Jurisdiction of this Court arises under 15 U.S.C §1692k and 28 U.S.C.§1337, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C.§ 1367.

## ALLEGATIONS AS TO PARTIES

3. At all times material hereto, Plaintiff, Charies A. Pascoe ("Ms. Pascoe"), was *sui juris* and a resident of Broward County, Florida.

4. At all times material hereto, Defendant, Commercial Recovery Systems, Inc. ("CRS" or "Debt Collector"), was a Texas corporation doing business in Broward County, Florida.

5. At all times material hereto, CRS is and was engaged in the collection of consumer debts using instrumentalities of interstate commerce, the telephone or the mails.

6. All acts and omissions of any employee, agent or representative of CRS detailed herein were within the scope of the employment and authority of the employee, agent or representative and were committed with actual, constructive or implied knowledge and consent of CRS or were subsequently ratified by CRS.

7. CRS is properly subject to jurisdiction in the State of Florida pursuant to the Florida Long Arm Jurisdiction Statute as a result of the performance of acts causing injury to persons within the State of Florida.

## FACTUAL ALLEGATIONS

### A. Details Concerning Disputed Consumer Debt

8. In March 2007, a former co-worker of Ms. Pascoe, Lai Owsinski ("Ms. Owsinski"), approached Ms. Pascoe with the request that Ms. Pascoe act as a "co-signer" with respect to the purchase and financing of a new vehicle.

9. In an effort to help her co-worker, Ms. Pascoe agreed to act as a "co-signer" with respect to the purchase and financing of a new 2007 Mitsubishi Galant ("Mitsubishi") from

Pompano KIA ("Dealership").

10. As part of the purchase and financing of the Mitsubishi, Ms. Pascoe executed and delivered to the Dealership various papers — including what Ms. Pascoe now believes to be a "retail installment sales contract" ("RISC").

11. As a result of the passage of over five years since the purchase of the Mitsubishi, Ms. Pascoe does not have in her possession, custody and/or control any documents pertaining to the purchase and financing of the Mitsubishi.

12. By information and belief, the RISC was subsequently assigned to a third-party finance company by the Dealership, to-wit: Citifinancial Auto Financial ("Citifinancial").

13. Contrary to her understanding of the transaction to purchase and finance the Mitsubishi, the Dealership placed Ms. Pascoe as the primary borrower on the RISC as opposed to the "co-signer."

14. In or about December, 2007, unbeknownst to Ms. Pascoe, Citifinancial repossessed the Mitsubishi.

15. Ms. Pascoe did not receive any notice from Citifinancial of its intent to dispose of the Mitsubishi as required under Chapter 679, Florida Statutes, Uniform Commercial Code ("UCC").

16. After the sale of the Mitsubishi subsequent to its repossession by Citifinancial, Citifinancial claimed a purported deficiency of several thousand dollars ("Disputed Deficiency").

17. As a result of the failure of Citifinancial to provide notice to Ms. Pascoe of either a delinquency by Ms. Owsinski or the statutorily-mandated notice of sale pursuant to Florida Statute §679.614, Ms. Pascoe disputes owing any money to Citifinancial for the Disputed

Deficiency.

### B. *Description of Abusive Collection Activities of Defendant*

18. Subsequent to the sale of the Mitsubishi, Citifinancial or its assignee retained CRS to collect monies for the Disputed Deficiency.

19. Commencing in August, 2011 to the date of the filing hereof, CRS, through its agents, employees or representatives acting within the scope of their employment, and with the authority of CRS, began a pattern of conduct reasonably calculated to harass, threaten or coerce Ms. Pascoe into paying monies for the Disputed Deficiency.

20. On August 16, 2011, Ms. Pascoe received an unwanted and unexpected telephone call from a female employee of CRS using the name or trade alias of "Angela."

21. In the ensuing discussion with Ms. Pascoe, "Angela" falsely represented that she was a "private investigator" looking for both Ms. Pascoe and Ms. Owsinski, when in fact she was not a "private investigator."

22. "Angela" falsely represented to Ms. Pascoe that if Ms. Pascoe did not pay CRS for the Disputed Deficiency, that a "judgment would be filed against [Ms. Pascoe] for $25,499," when in fact CRS did not have the ability, authority or intention to "file for judgment."

23. "Angela" further threatened to garnish the wages of Ms. Pascoe. To emphasize her threat of immediate garnishment, "Angela" stated that "[she] can and will take wages," when in fact CRS did not have the ability, authority or intention to garnish the wages of Ms. Pascoe.

24. Continuing with false threats, "Angela" falsely represented that CRS would "take the tax return" of Ms. Pascoe, when in fact CRS did not have the ability, authority or intention to "take the tax return" of Ms. Pascoe.

25. Subsequent to the initial telephone call from "Angela," CRS made repeated telephone calls to the cellular phone of Ms. Pascoe with such a frequency as to annoy and harass Ms. Pascoe.

## COUNT I - ACTION FOR VIOLATION OF THE
## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.*)

26. This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA")

27. Ms. Pascoe realleges and reaffirms the allegations contained in Paragraphs 1 through 25 above as if set forth hereat in full.

28. At all times material hereto, Ms. Pascoe was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

29. At all times material hereto, Citifinancial was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

30. At all times material hereto, the Disputed Deficiency was a "debt" as said term is defined under 15 U.S.C. §1692a(5)

31. At all times material hereto, CRS was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

32. As more particularly described above, CRS has violated the FDCPA in that CRS has:

(a) engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C. §1692d;

(b) used language the natural consequence of which is to abuse the hearer in

contravention of 15 U.S.C. §1692d(2);

  (c) used false, deceptive, or misleading representations in connection with the collection of any debt in contravention of 15 U.S.C. §1692e;

  (d) made a false representation of the character, amount or legal status of any debt in contravention of 15 U.S.C. §1692e(2)(A);

  (e) represented or implied that non-payment of any debt will result in the imprisonment of Ms. Pascoe or the seizure, garnishment or attachment of wages unless such action was lawful and the debt collector creditor intended to take such action in contravention of 15 U.S.C. §1692e(4);

  (f) made a threat to take any action that cannot legally be taken or is not intended to be taken in contravention of 15 U.S.C.§1692e(5);

  (g) used false representations or deceptive means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692e(10); and

  (h) used unfair or unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692f.

33. 15 U.S.C. §1692g provides, in pertinent part, the following:

Notice of Debts; Contents

> Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:
>
> (a) The amount of the debt;
>
> (b) The name of the creditor to whom the debt is owed;

 (c) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thiseof, the debt will be assumed to be valid by the debt collector;

 (d) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

 (e) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

34. CRS violated the requirements of 15 U.S.C. §1692g by failing to provide Ms. Pascoe with a notice of validation rights as required by the FDCPA.

35. As a direct and proximate result of the violation of the FDCPA by CRS, Ms. Pascoe has been damaged. The damages of Ms. Pascoe include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

36. Pursuant to 15 U.S.C. §1692k, Ms. Pascoe is entitled to recover actual damages together with statutory damages of $1,000.00, along with court costs and reasonable attorneys fees.

37. Ms. Pascoe has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Charies A. Pascoe, an individual, demands judgment against Defendant, Commercial Recovery Systems, Inc., a Texas corporation, for actual and statutory damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT II - ACTION FOR VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

38. This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

39. Ms. Pascoe realleges and reaffirms the allegations contained in Paragraphs 1 through 25 above as if set forth hereat in full.

40. At all times material hereto, the Disputed Deficiency constituted a "debt" or "consumer debt" as said terms are defined under Florida Statutes §559.55(1).

41. At all times material hereto, Ms. Pascoe was a "debtor" or "consumer debtor" as said terms are defined under Florida Statutes §559.55(2).

42. At all times material hereto, Citifinancial was a "creditor" as said term is defined under Florida Statutes §559.55(3).

43. At all times material hereto, CRS was a "debt collector" as said term is defined under Florida Statutes §559.55(6).

44. As more particularly described above, CRS violated the FCCPA in that the CRS has:

   (a) willfully communicated with Ms. Pascoe as a debtor with such frequency as can reasonably be expected to harass Ms. Pascoe or willfully engaged in conduct which reasonably can be expected to abuse or harass Ms. Pascoe in contravention of Florida Statutes §559.72(7); and

   (b) used willfully abusive language in contravention of Florida Statutes §559.72(8).

45. As a direct and proximate result of the violation of the FCCPA by CRS, Ms.

Pascoe has been damaged. The damages of Ms. Pascoe include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

46.     As a direct and proximate result of the actions of CRS, CRS is liable for punitive damages in an amount to be determined by the reasonableness of the jury.

47.     Ms. Pascoe has retained the undersigned law firm to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

48.     Pursuant to Florida Statute §559.77, Ms. Pascoe is entitled to recover actual damages together with statutory damages of $1,000.00 each, along with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Charies A. Pascoe, an individual, demands judgment for damages against Defendant, Commercial Recovery Systems, Inc., a Texas corporation, for actual, statutory and punitive damages, together with interest, costs and attorneys fees pursuant to Florida Statutes §559.77.

### COUNT III - ACTION FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227, *ET SEQUI*)

49.     This is action for damages for violation of 47 U.S.C. §227, *et sequi*, known more commonly as the "Telephone Consumer Protection Act" ("TCPA"), and the regulations promulgated thereunder.

50.     Ms. Pascoe realleges and reaffirms the allegations contained in Paragraphs 1 through 25 above as if set forth hereat in full.

51.     In furtherance of its collection activities, CRS made repeated unlawful automated calls to the cellular phone of Ms. Pascoe.

52.     Ms. Pascoe did not give consent to CRS to contact Ms. Pascoe by any means.

53. CRS used an unlawful auto dialer and pre-recorded messages to call the cellular phone of Ms. Pascoe without permission to do so in violation of the TCPA.

54. CRS used an illegal predictive dialer to call the cellular phone of Ms . Pascoe without permission to do so in violation of the TCPA.

55. CRS used an illegal prerecorded call to call the cellular phone of Ms. Pascoe without permission to do so in violation of the TCPA.

56. As more particularly described above, CRS placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of Ms. Pascoe in violation of 47 U.S.C. §227(b)(1)(A)(iii).

57. There is no exception or justification for the numerous violations of the TCPA by CRS.

58. Each call to the cellular phone of Ms. Pascoe is a separate violation and entitles Ms. Pascoe to statutory damages against CRS in the amount of at least Five Hundred Dollars ($500.00) per call pursuant to 47 U.S.C. §227(b)(3).

59. CRS willfully and knowingly violated the TCPA and the regulations promulgated thereunder to the extent that the Court may, in its discretion, increase the amount of statutory damages to One Thousand Five Hundred Dollars ($1,500.00) per call pursuant to 47 U.S.C. §227(b)((3).

WHEREFORE, Plaintiff, Charies A. Pascoe, an individual, demands judgment against Defendant, Commercial Recovery Systems, Inc., a Texas corporation, for:

    A.    Statutory damages;

    B.    A declaration that the calls of Defendant violated the TCPA;

    C.    A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

    D.    Such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, Charies A. Pascoe, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

/s/ Robert W. Murphy
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telefax
rphyu@aol.com